Ach, Treas., *v.* The First National Bank of Cincinnati, Admr., et al.

(Decided September 30, 1929.)

*Mr. Nelson Schwab,* prosecuting attorney, and *Mr. John P. Goldsberry,* for plaintiff in error.
*Mr. William R. Collins,* for defendants in error.

Cushing, P. J. The treasurer of Hamilton county prosecutes this action against the First National Bank, as executor of the estate of Joseph Rawson,

deceased, to reverse the judgment of the court of common pleas of Hamilton county, Ohio, affirming the finding of the tax commission, holding that 500 shares of the stock of The New York Central Railroad Company were not taxable in Hamilton county, Ohio.

The principal contention stressed on behalf of the treasurer is that Section 192, General Code, is unconstitutional. The pertinent part of that section is: "No person shall be required to list for taxation a share of the capital stock of an Ohio corporation; or a share of the capital stock of a foreign corporation, the property of which is taxed in Ohio in the name of such corporation; or a share of the capital stock of any other foreign corporation provided such corporation, for the privilege of exercising its franchise in Ohio, elects to pay and pays annually a franchise tax at the times, in the manner, on the basis and in the amount prescribed by law for domestic corporations."

The New York Central Railroad Company is a corporation operating a railroad in the states of New York, Pennsylvania, Ohio, Michigan, Indiana, and Illinois; was organized in April, 1914; and on December 22, 1914, filed its articles of incorporation with the secretary of state of Ohio, as provided in Section 9029, General Code. It is designated a public utility under Section 5415, General Code, and by Sections 5419 and 5425, General Code, is required to, and does, make return of all its property to the state taxing commission; and, among other things, under Section 5422, it lists the corporate shares of the capital stock, the par and market value thereof,

the amount of capital stock subscribed, and the amount thereof actually paid in.

Section 5423, General Code, requires the state taxing commission, on the 2d Monday of June of each year, to ascertain and assess at its true value in money all of the property in this state of each such public utility, and Section 5424, General Code, provides how the commission shall determine the value of the property.

Section 5429, General Code, provides for fixing the tax valuation of railroads.

The record discloses that the New York Central Railroad pays annually to the state of Ohio in taxes, on its property within the state of Ohio, the sum of $2,000,000.

Under Section 5486, General Code, the auditor of state, in November of each year, shall assess and collect 4 per cent. of the intrastate gross earnings of said railroad, amounting in this instance to an annual tax of $400,000.

Section 5420, General Code, requires each public utility, on the first day of March, to make and deliver to the state taxing commission of Ohio a statement with respect to its plant, or plants, and all property owned or operated by it wholly or in part within the state.

The question then is whether the New York Central Railroad Company is an Ohio corporation. As stated, it is a consolidated corporation of railroads in Ohio with the railroads in other states. The statutes authorize such consolidation. It was stated in *Ashley* v. *Ryan*, 49 Ohio St., 504, at page 529 (31 N. E., 721, 726): "There has been some diversity of opinion as to the status of a corporation formed

by the consolidation of companies under the laws of different states. But it seems pretty well settled, upon principle at least, that where formed under co-operative legislation of the different states, it becomes a corporation in each state where its road is located. It is a legal entity residing and doing business in different states, with a status in each, derived from and determined by the laws of that state."

Plaintiff in error contends that Section 192, General Code, is unconstitutional, and we assume, although it has not been stated in the brief, that he means that Section 192 creates an exemption of property from taxation. The only exemptions allowed by the Constitution are stated in it. In the instant case, the corporation pays a property tax, and a tax for doing business in the state, under Section 2, Article XII, of the Ohio Constitution, which provides: "Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, and also all real and personal property according to its true value in money."

Section 4 of Article XIII provides: "The property of corporations, now existing or hereafter created, shall forever be subject to taxation, the same as the property of individuals."

Section 192, General Code, was enacted pursuant to Section 2 of Article XII of the Constitution, and where the property of the corporation is taxed in the state the owners of shares of stock in that corporation are not required to list those shares for taxation. This is not an exemption from taxation, but it was passed in conformity with the uniform

rule, and for the purpose of avoiding double taxation.

In this view of the case, our conclusion is that the corporation having paid the property tax, and the tax of 4 per cent. on its gross intrastate earnings, the owners of the capital stock are not required to list their shares for taxation.

The judgment of the court of common pleas is, therefore, affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.